IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 1 2009

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

DONALD SUBLET,                §
                              §
            Applicant,        §
                              §
VS.                           §      NO. 4:09-CV-345-A
                              §
REBECCA TAMEZ, WARDEN,        §
FCI-FORT WORTH,               §
                              §
            Respondent.       §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the application of Donald Sublet

("applicant") for writ of habeas corpus pursuant to 28 U.S.C. §

2241.[1] Because applicant is proceeding in forma pauperis, his

complaint is subject to sua sponte dismissal under 28 U.S.C. §

1915(e)(2)(B). As a prisoner seeking redress from government

officials, applicant's application is subject to preliminary

screening under 28 U.S.C. § 1915A.  See Martin v. Scott, 156 F.3d

578, 579-80 (5th Cir. 1998). Section 1915A(b) provides for sua

sponte dismissal if the court finds that the complaint is either

_____

[1]The title of the document filed by Donald Sublet was "Writ of habeas corpus 28 U.S.C. § 2241 for Early Release Pursuant to 18 U.S.C. § 3621(e)(2)(B)," wherein he referred to himself as "petitioner." Consistent with the wording of 28 U.S.C. § 2241, the court is referring to the document filed February 5, 2009, as an "application" and is referring to Sublet as "applicant." The application was originally filed in the Western District of Louisiana, Shreveport Division, and was transferred to this court on June 16, 2009.

frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562-63(2007).

Applicant is one of a number of federal prisoners nationwide, including in the Northern District of Texas, seeking to invalidate a rule promulgated by the Bureau of Prisons that excludes from consideration for early release inmates convicted of certain offenses despite completion of the Bureau of Prisons's residential drug abuse program ("RDAP"). Applicant fares no better than others before him.

Applicant is serving a 75-month term of imprisonment for firearm and drug possession. Applicant was incarcerated at Federal Correctional Institution-Fort Worth and enrolled in the RDAP, which he completed on August 28, 2008. Applicant contends that the Bureau of Prisons has wrongfully denied him a one-year reduction in his sentence, as provided by 18 U.S.C. § 3621(e)(2)(B), on the basis of its final rule that categorically

2

excludes prisoners from consideration for early release if the current offense is a felony that involved the carrying, possession, or use of a firearm. 28 C.F.R. § 550.58(a)(1)(vi)(B). Although not clearly stated, applicant apparently now claims that promulgation of the Bureau of Prisons's final rule was arbitrary and capricious, in violation of the Administrative Procedures Act, 5 U.S.C. § 706.

Applicant's application is substantially similar to the § 2241 application that is the subject of a memorandum opinion and order the court signed in Case No. 4:08-CV-733-A on April 12, 2009. Although not identically worded, applicant raises substantially the same arguments raised in Case No. 4:08-CV-733-A, including reliance on a decision of the Ninth Circuit Court of Appeals in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008). The court concludes that the memorandum opinion and order in Case No. 4:08-CV-733-A describes the reasons why applicant's claims are without merit and should be dismissed. The court adopts in this order all discussion and analysis contained on pages three through eight of the memorandum opinion and order in Case No. 4:08-CV-733-A.

Therefore,

Just as in Case No. 4:08-CV-733-A,

The court ORDERS that the application of applicant for writ

of habeas corpus pursuant to § 2241 be, and is hereby, denied.

SIGNED July 1, 2009.

_____
JOHN McBRYDE
United States District Judge